1   SHANNON LISS-RIORDAN (State Bar No. 310719)
    sliss@llrlaw.com
2   LICHTEN & LISS-RIORDAN, P.C.
    729 Boylston Street, Suite 2000
3   Boston, MA 02116
    (617) 994-5800
4
5   MATTHEW D. CARLSON (State Bar No. 273242)
    mcarlson@llrlaw.com
6   MICHAEL L. FREEDMAN (State Bar No. 262850)
    mfreedman@llrlaw.com
7   LICHTEN & LISS-RIORDAN, P.C.
    466 Geary St., Suite 201
8   San Francisco, CA 94102
    (415) 630-2651
9
10              **UNITED STATES DISTRICT COURT**

11          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12                                              Case No. 3:16-cv-03371-LB

13

14  NICOLE HUGHES, ANGELYNN HERMES,          **SECOND AMENDED CLASS ACTION**
    and PENNY NUNEZ, individually and on      **AND COLLECTIVE ACTION**
15  behalf of all others similarly situated,  **COMPLAINT**

16                      Plaintiffs,

17  v.

18  S.A.W. ENTERTAINMENT, LTD, d/b/a
    LARRY FLYNT'S HUSTLER CLUB, and
19  GOLD CLUB – S.F., LLC d/b/a GOLD CLUB
    SAN FRANCISCO
20
                        Defendants
21

22

23

24

25

26

27

28

## I. <u>INTRODUCTION</u>

1.      Plaintiffs Nicole Hughes, Angelynn Hermes, and Penny Nunez bring this suit as a class and collective action on behalf of other similarly situated aggrieved employees of S.A.W. Entertainment, Ltd. d/b/a Larry Flynt's Hustler Club ("Hustler Club") and Gold Club – S.F., LLC d/b/a Gold Club San Francisco ("Gold Club") who have worked as exotic dancers for Hustler Club or Gold Club (collectively, "the Clubs" or "Defendants") during the relevant statutory period.  The Clubs have misclassified Plaintiffs and other similarly situated exotic dancers as independent contractors and, in so doing, have violated various provisions of California and federal law, including: (1) Cal. Lab. Code §§ 1197 and 1194 for failing to pay minimum wage; (2) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for failing to pay minimum wage; (3)  Cal. Lab. Code § 226(a) for failing to provide itemized wage statements; (4) Violation of Unfair Competition Law, Business & Professions Code §§ 17200, <u>et seq.</u>; (5) Cal. Labor Code §2802  by requiring dancers to pay various expenses that should have been borne by the employer; and (6) Cal. Labor Code § 351 (enforceable through Cal. Bus. & Prof. Code § 17200) by failing to allow dancers to retain all gratuities paid by customers.  In addition, Plaintiff Hughes brings a representative claim pursuant to the California Private Attorney General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698 <u>et seq.</u> against Hustler Club, and Plaintiff Nunez brings a PAGA claim against Gold Club.  Finally, the Hustler Club has violated Hughes's rights under 29 U.S.C. §215 and Cal. Lab. Code § 98.6 by retaliating against Hughes for engaging in protected activity by raising concerns about its wage violations.

## II. <u>PARTIES</u>

2.      Plaintiff Nicole Hughes is an adult resident of Oakland, California.  She worked as a dancer at the Gold Club from approximately September 2014 to December 2014 and at the Hustler Club from approximately January 2015 to October 2015.

3.      Plaintiff Angelynn Hermes is an adult resident of San Jose, California.  She worked as a dancer at the Hustler Club for approximately August 2013 through June 20, 2015.

4.      Plaintiff Penny Nunez is an adult resident of San Francisco, California.  She worked as a dancer at the Gold Club from approximately September 2015 to May 2016.

5.      Plaintiffs bring this case as a Rule 23 class action on behalf of all exotic dancers who have worked at the Hustler Club in San Francisco or the Gold Club in San Francisco within the last four years and as an FLSA collective action on behalf of all exotic dancers who have worked at the Hustler Club in San Francisco or the Gold Club in San Francisco within the last three years who may choose to opt in to this action.

6.      Defendant S.A.W. Entertainment, Ltd. is a California corporation, with its principal place of business in San Francisco, California, which operates the Larry Flynt's Hustler Club located at 1031 Kearney Street in San Francisco, California.

7.      Defendant GOLD CLUB – S.F., LLC is a Nevada corporation, with its principal place of business in San Francisco, California, which operates Gold Club San Francisco located at 650 Howard Street in San Francisco, California.

8.      Both Defendants are affiliated and share control over Plaintiffs and the class members' work through SFBSC Management, LLC.

III.    **JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10.     Venue is proper in this Court because Plaintiffs and other members of the class were employed by Defendants in San Francisco, California.

IV.    **STATEMENT OF FACTS**

11.     The Hustler Club and the Gold Club are adult entertainment clubs located in San Francisco.

12.     The Hustler Club advertises that it is "San Francisco's top gentleman's club" and that it was voted the "SF Best Strip Club 2015."

13.     The Gold Club advertises that it is "San Francisco's upscale topless adult club," and welcomes guests to "[c]ome in and get comfortable with our world class, sexy adult entertainers."

14.     The Clubs classify all exotic dancers who perform at their "gentleman's club" and "adult club" as independent contractors, when in reality they are employees of Defendants.

15.     Defendants have exercised extensive control over the manner in which their exotic dancers, including Plaintiffs, perform their jobs and conduct themselves while on Defendants' premises, including what dancers are allowed to wear, how much dancers can receive for private dances and sessions, and how dancers can interact with customers.  For example, Defendants fine dancers if they violate Defendants' rules regarding appearance, wardrobe, or behavior.  Likewise, Defendants have required the named Plaintiffs and other dancers to work at least three days per week and Defendants have imposed fines for dancers who miss their scheduled shift, who work less than a full shift, or who attempt to work on a day when they are not scheduled.

16.     In addition, Defendants are in the business of providing adult entertainment to their patrons.  The dancers perform services in the usual course of the Defendants' businesses, and without the dancers, the Defendants would have no business.

17.     For example, the Hustler Club maintains a website on which it provides photographs and other information regarding the dancers who perform at the club, including advertising the specific dates when dancers are working.

18.     The Gold Club maintains a similar website providing photographs and information on the dancers who perform at the club, advertising of various specials and events, and providing information on when the dancers are scheduled to perform.

19.     In order to perform their job, the dancers have been required to pay "house fees" to Defendants.  The average house fees can range between $40-$60 per shift, and they can be as high as $240 for one shift.

20.     Exotic dancers who have worked for Defendants have not received any wages from Defendants.

21.     Instead, any compensation the dancers have received has come directly from patrons in the form of gratuities or tips.

22.     Out of these gratuities or tips, the dancers have been required to pay a portion back to Defendants, as well as share their tips with other employees who are not eligible to share in tips, including managers and non-service employees (such as "house moms" and disc

1   jockeys).

2        23.    Even if these payments from patrons were deemed to be the dancers' "wages", the

3   dancers have not been permitted to retain the full amount of these wages, since Defendants have

4   subtracted various fines, charges, and fees from these amounts (as well as requiring the dancers

5   to share them with other employees).

6        24.    Based on their misclassification as independent contractors, Plaintiffs and other

7   dancers have been required to bear expenses of their employment, including expenses for

8   wardrobe that meets Defendants' requirements.  California law requires employers to reimburse

9   employees for such expenses, which are for the benefit of the employer and are necessary for the

10   employees to perform their jobs.

11        25.    Defendants have failed to provide Plaintiffs and other dancers with itemized wage

12   statements showing the dancers' hours worked, total wages earned, all deductions from wages,

13   and all other information required by Cal. Lab. Code § 226(a).

14        26.    In September 2015, during her scheduled shift at the Hustler Club, Plaintiff

15   Hughes complained to her supervisor regarding the Hustler Club's tipping policy and raised the

16   possibility that a lawsuit could be filed regarding the policy.

17        27.    The next day, the Hustler Club terminated Plaintiff Hughes.

18        28.    Plaintiff Hughes contends that she was terminated in direct retaliation for her

19   mentioning the prospect of a "lawsuit" about the Hustler Club's tipping policy.

20        29.    The Hustler Club further retaliated against Plaintiff Hughes by interfering with

21   her finding employment at other exotic dancing clubs and spreading the word that she was

22   "blacklisted" for mentioning the possibility of a lawsuit against the Hustler Club.

23        30.    Plaintiff Hughes is aware of this "blacklisting" because, following her

24   termination, she attempted to apply to work at another club in San Francisco, for which she was

25   scheduled for an interview.  Prior to her interview, she learned that the Hustler Club had spoken

26   to the potential employer about her raising the possibility of a lawsuit, and her interview was

27   cancelled.

28

31.     Plaintiff Hughes has had difficulty obtaining work as an exotic dancer in San Francisco since her termination from Hustler Club.

## V. <u>CLASS AND COLLECTIVE ACTION ALLEGATIONS</u>

32.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all other dancers who have performed at the Hustler Club or the Gold Club and who have been designated as "independent contractors" during the past four years.

33.     Plaintiffs and other class members have uniformly been misclassified as independent contractors.

34.     The members of the class or classes are so numerous that joinder of all class members is impracticable.

35.     Common questions of law and fact exist as to members of the class who have been misclassified as independent contractors.  Among the questions of law and fact that are common to these drivers are:

  a.   Whether class members have been required to follow uniform procedures and policies regarding their work for the Hustler Club or for the Gold Club;

  b.   Whether the work performed by class members— nude or semi-nude dancing — is within the Hustler Club's or the Gold Club's usual course of business, and whether such service is fully integrated into theirbusinesses;

  c.   Whether these class members have been required to bear the expenses of their employment, such as expenses for, their wardrobe, and other expenses.

  d.   Whether class members were entitled to receive an hourly rate of the applicable California minimum wage for all hours worked at Defendants' clubs.

36.     The named Plaintiffs aremembers of the class or classes described above, who suffered damages as a result of Defendants' conduct and actions alleged herein.

37.     The named Plaintiffs' claims are typical of the claims of the class or classes described above, and the named Plaintiffs have the same interests as the other members of the class.

38.     The named Plaintiffs will fairly and adequately represent and protect the interests of the class members.  The named Plaintiffs have retained able counsel experienced in class action litigation.  The interests of the named Plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

39.     The questions of law and fact common to the members of the class or classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical.  Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them.  Prosecution of this action as a class action will eliminate the possibility of repetitive litigation.  There will be no difficulty in the management of this action as a class action.

41.     Plaintiffs also bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of any dancers who have worked at the Hustler Club or the Gold Club within the last three years who may choose to "opt in" to this case.

42.     Plaintiffs are similarly situated to all other dancers who worked at the Hustler Club and the Gold Club, and there is a group of similarly situated employees who were subject to Defendants' common policies and who are entitled to notice of this action under 29 U.S.C. § 216(b).

## COUNT I

### Violation of Cal. Lab. Code §§ 1197 and 1194

43.     Defendants' conduct, as set forth above, in failing to pay their dancers minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194.  This claim is brought on behalf of a class of similarly situated individuals who worked for Defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT II**

**Violation of 29 U.S.C. § 206(a)(1)(C)**

44.      Plaintiffs and other dancers who worked for Defendants were employees of Defendants for purposes of the Fair Labor Standards Act.  However, Defendants have failed to pay the dancers an hourly rate of at least the federal minimum wage of $7.25 per hour. Defendants have thus violated the FLSA, 29 U.S.C. § 206(a)(1)(C), and have done so willfully, intentionally, and in bad faith.

**COUNT III**

**Violation of Cal. Lab. Code § 226(a)**

45.      Defendants' conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a).  This claim is brought on behalf of a class of all dancers who have worked for Defendants during the relevant time period.

**COUNT IV**

**Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.**

46.      Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated California Labor Code §§ 210, 226, 1194, 1197, and 2802. As a result of Defendants' unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to unpaid wages, unpaid minimum wages, and business expenses that dancers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Defendants in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

**COUNT V**

**Violation of Cal. Lab. Code § 2802**

47.     Defendants' conduct, as set forth above, in misclassifying their dancers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Defendants during the relevant statutory period.

**COUNT VI**

**Violation of Cal. Lab. Code § 351**

**(Enforceable Through Cal. Bus. & Prof. Code § 17200 *et seq*.)**

48.     Defendants' conduct, as set forth above, in failing to permit dancers to retain all gratuities, including dance fees, paid by customers, constitutes a violation of California Labor Code § 351.  This violation is enforceable pursuant to the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.  Defendants' conduct constitutes unlawful, unfair, or fraudulent acts or practices, in that Defendants have violated California Labor Code §351 in not permitting dancers to retain all gratuities, including dance fees, paid by customers. As a result of Defendants' conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including the loss of gratuities to which they were entitled.  Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

**COUNT VII**

**Penalties Pursuant to Private Attorney General Act of 2004, Cal. Lab. Code §§ 2698 et seq.**

**(By Plaintiff Hughes Against Defendant Hustler Club)**

49.     Plaintiff Hughes is an aggrieved employee as defined by Cal. Lab. Code §2699(c) as she was employed by the Hustler Club during the applicable statutory period and suffered injury as a result of the Hustler Club's Labor Code violations.  Accordingly, Plaintiff Hughes seeks to recover on behalf of the State of California, as well as herself and all other current and

former aggrieved employees of Hustler Club who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

50.     Exotic dancers of the Hustler Club are entitled to penalties pursuant to PAGA for the following: (1) violations of Cal. Lab. Code §§ 1197 and 1194 for failure to pay minimum wage; (2) violations of Cal. Lab. Code §§ 1194, 1198, 510, and 558, for failure to pay overtime wages; (3) violations of Cal. Lab. Code § 226(a) for failure to provide itemized wage statements; and (4) violations of Cal. Lab. Code § 2802 by requiring dancers to pay various expenses that should have been borne by the employer.

51.     Plaintiff Hughes complied with the notice requirement of Cal. Lab. Code § 2699.3 and mailed a written notice to the California Labor & Workforce Development Agency ("LWDA"), and Hustler Club via Certified Mail, return receipt requested, on September 25, 2015. It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

## COUNT VIII

**Penalties Pursuant to Private Attorney General Act of 2004, Cal. Lab. Code §§ 2698 et seq.**

**(By Plaintiff Nunez Against Defendant Gold Club)**

52.     Plaintiff Nunez is an aggrieved employee as defined by Cal. Lab. Code §2699(c) as she was employed by the Gold Club during the applicable statutory period and suffered injury as a result of the Gold Club's Labor Code violations.  Accordingly, Plaintiff Nunez seeks to recover on behalf of the State of California, as well as herself and all other current and former aggrieved employees of Gold Club who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

53.     Exotic dancers of the Gold Club are entitled to penalties pursuant to PAGA for the following: (1) violations of Cal. Lab. Code §§ 1197 and 1194 for failure to pay minimum wage; (2) violations of Cal. Lab. Code §§ 1194, 1198, 510, and 558, for failure to pay overtime wages; (3) violations of Cal. Lab. Code § 226(a) for failure to provide itemized wage statements;

and (4) violations of Cal. Lab. Code § 2802 by requiring dancers to pay various expenses that should have been borne by the employer.

54.     Plaintiff Nunez complied with the notice requirement of Cal. Lab. Code § 2699.3 and submitted notice to the California Labor & Workforce Development Agency ("LWDA") through its electronic system, and to Gold Club via Certified Mail, return receipt requested, on October 14, 2106. It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

## COUNT IX

### Violation of 29 U.S.C. § 215

### (By Plaintiff Hughes Against Defendant Hustler Club)

55.     Defendant Hustler Club's conduct, as set forth above, in terminating Plaintiff Hughes, and informing other clubs that she was "blacklisted" and should not be hired, in direct retaliation for her complaint regarding Defendants' illegal wage practices, constitutes a violation of 29 U.S.C. § 215(a)(3).

## COUNT X

### Violation of Cal. Lab. Code § 98.6

### (By Plaintiff Hughes Against Defendant Hustler Club)

56.     Defendants' conduct, as set forth above, in terminating Plaintiff Hughes, and informing other clubs that she was "blacklisted" and should not be hired, in direct retaliation for her complaint regarding Defendants' illegal wage practices, constitutes a violation of California Labor Code Section 98.6

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the members of the putative class, pray for relief as follows:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

b.   Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);

c.   Designation of Plaintiffs as representatives of the putative class and collective action;

d.   Designation of Plaintiffs' Counsel as Class Counsel for the putative class and collective action;

e.   Damages for failure to pay minimum wage pursuant to federal and California law;

f.   Restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

g.   Liquidated damages pursuant to federal law;

h.   Statutory penalties pursuant to PAGA for Defendants' violations of the California Labor Code;

i.   Reinstatement as a dancer, reimbursement of lost wages, and statutory penalties to Plaintiff Hughes for violations of 29 U.S.C. § 215 and Cal. Lab. Code § 98.6;

j.   Pre-judgment and post-judgment interest; and

k.   Attorneys' fees and costs.

Dated: December 22, 2016               Respectfully submitted,

NICOLE HUGHES, ANGELYNN HERMES, and
PENNY NUNEZ, individually and on behalf of all others
similarly situated,

By their attorneys,

__/s/ Shannon Liss-Riordan_____
SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
MICHAEL L. FREEDMAN (State Bar No. 262850)
mfreedman@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
(415) 630-2651

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that a copy of the foregoing document was served by electronic filing on

3

December 22, 2016, on all counsel of record.

4

*/s/ Shannon Liss-Riordan*

5

Shannon Liss-Riordan

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28