UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NICOLE HUGHES, et al., | Case No. 16-cv-03371-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTIONS TO COMPEL ARBITRATION** |
| S.A.W. ENTERTAINMENT, LTD, et al., | Re: ECF No. 87, 91 |
| Defendants. | |

| | |
|---|---|
| ELANA PERA, et al., | Case No. 17-cv-00138-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO COMPEL ARBITRATION** |
| S.A.W. ENTERTAINMENT LTD., | Re: ECF No. 28 |
| Defendant. | |

**INTRODUCTION**

These two actions are labor disputes brought as putative collective actions under the Fair Labor Standards Act (FLSA) and putative class actions under Federal Rule of Civil Procedure 23. The named plaintiffs, who bring claims on behalf of themselves and other putative class members, are or were exotic dancers who are suing the companies that managed the nightclubs where they worked.

The parties have filed a number of motions. First, the defendants move to compel the plaintiffs to arbitrate their claims, citing arbitration provisions in the performer contracts they signed with the plaintiffs.[1] Second, the defendants move to dismiss or stay these actions on the ground that they are subsumed in another earlier-filed FLSA collective action and Rule 23 class action, *Roe v. SFBSC Management, LLC*, No. 14-cv-03616-LB, also brought by former exotic dancers that worked at the same nightclubs at issue here (as well as other nightclubs).[2] The parties in that case reached a court-approved settlement agreement that would release the defendants of many of the claims at issue in these actions; the settlement is currently on appeal to the Ninth Circuit.[3] Third, the plaintiffs move for conditional certification under the FLSA and move to have notice of these actions issued to all other similarly situated dancers.[4]

The issue of arbitration is a threshold issue. The court previously addressed the arbitration issue late last year. *Hughes v. S.A.W. Entm't, Ltd.*, Nos. 16-cv-03371-LB, 17-cv-00138-LB, 2017 WL 6450485 (N.D. Cal. Dec. 18, 2017) (*Hughes I*). At that time, the plaintiffs and defendants all agreed that the parties' contractual arbitration provisions were unenforceable under a then-prevailing Ninth Circuit decision, *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016), and the court therefore did not compel the plaintiffs to arbitrate their claims. The Supreme Court since reversed *Morris*. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018). Given that reversal, the court finds that the arbitration provisions here are enforceable and grants the defendants' motions to compel arbitration.

---

[1] Defs. *Hughes* Mot. to Compel Arbitration – No. 16-cv-03371-LB – ECF No. 87; Defs. *Hughes* Mot. to Compel Arbitration re Marchand – No. 16-cv-03371-LB – ECF No. 91; Def. *Pera* Mot. to Compel Arbitration – No. 17-cv-00138-LB – ECF No. 28. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Defs. *Hughes* Mot. to Dismiss – No. 16-cv-03371-LB – ECF No. 88; Def. *Pera* Mot. to Dismiss – No. 17-cv-00138-LB – ECF No. 26.

[3] No. 17-17079 (9th Cir.).

[4] Pls. *Hughes* Supp. Mem. in Support of Mot. for Conditional Certification and Issuance of Notice – No. 16-cv-03371-LB – ECF No. 89; Pls. *Pera* Mot. for Conditional Class Certification and Issuance of Notice – No. 17-cv-00138-LB – ECF No. 25.

**ANALYSIS**

**1. Arbitration Is a Threshold Issue**

Each of the five named plaintiffs — Nicole Hughes, Angelynn Hermes, and Penny Nunez in the *Hughes* case and Elana Pera and Sarah Murphy in the *Pera* case — signed "performer contracts" with the defendants in which, among other things, the parties agreed to resolve all disputes through arbitration instead of litigation.[5] Dora Marchand, an opt-in plaintiff in the *Hughes* case, also signed contracts with similar arbitration provisions.[6] The threshold issue is whether these plaintiffs can litigate their claims in a court or must arbitrate their claims. *Hughes I*, 2017 WL 6450485, at *9 & n.16 ("[T]he better course is to first determine the enforceability of the arbitration agreements before addressing the scope and management of the remainder of this litigation.") (quoting *Roe v. SFBSC Mgmt.*, No. 14-cv-03616-LB, 2015 WL 1798926, at *5 (N.D. Cal. Apr. 17, 2015) (*Roe II*)). The court therefore addresses the defendants' motions to compel arbitration before examining the defendants' motions to dismiss based on the earlier *Roe* action or the plaintiffs' motions for conditional certification and for notice to be issued.

**2. The Parties' Arbitration Provisions Are Enforceable**

The plaintiffs argue that the arbitration provisions are unenforceable because (1) the defendants have waived arbitration, and (2) the arbitration provisions are procedurally and substantively unconscionable. The court disagrees.

---

[5] Defs. *Hughes* Mot. to Compel Arbitration, Bordeau Decl. Ex. 1 (Hughes/Gold Club contracts) – No. 16-cv-03371-LB – ECF No. 87-2 at 6–9; *id.* Ex. 2 (Nunez/Gold Club contracts) – No. 16-cv-03371-LB – ECF No. 87-2 at 11–19; Defs. *Hughes* Mot. to Compel Arbitration, Fusco Decl. Ex. 1 (Hughes/SAW contracts) – No. 16-cv-03371-LB – ECF No. 87-4 at 7–14; *id.* Ex. 2 (Hermes/SAW contracts) – No. 16-cv-03371-LB – ECF No. 87-4 at 16–25; Def. *Pera* Mot. to Compel Arbitration, Calcagni Decl. Ex. 1 (Pera/SAW contracts) – No. 17-cv-00138-LB – ECF No. 28-2 at 7–21; *id.* Ex. 2 (Murphy/SAW contracts) – No. 17-cv-00138-LB – ECF No. 28-2 at 23–33.

[6] Defs. *Hughes* Mot. to Compel Arbitration re Marchand, Fusco Decl. Ex. 1 (Marchand/Gold Club contract) – No. 16-cv-03371-LB – ECF No. 91 at 7–16; *id.* at 17–21 (Marchand/SAW contract); Defs. *Hughes* Mot. to Compel Arbitration re Marchand, Bordeau Decl. Ex. 1 – No. 16-cv-03371-LB – ECF No. 91-3 at 6–16 (Marchand/Gold Club contracts).

**2.1 Waiver**

First, the court finds that the defendants have not waived their right to arbitration. The plaintiffs make three principal arguments as to how the defendants acted inconsistently with a right to compel arbitration and thereby waived their rights to arbitrate: (1) the defendants moved to compel arbitration in the *Hughes* case in 2016, but then changed course and affirmed that they would not be moving to compel arbitration; (2) the defendants filed motions to dismiss and opposed the plaintiffs' conditional-certification motions in both *Hughes* and *Pera* and therefore evinced an intent to litigate, not to arbitrate; and (3) the defendants litigated, not arbitrated, the related *Roe* action, which is inconsistent with a right to arbitrate here. None of these arguments prevails.

First, at the time the defendants affirmed they would not be moving to compel arbitration, *Morris* was the law of the circuit and the arbitration provisions were unenforceable. Consequently, "[t]here could be no waiver here because there was no existing right to arbitration" at the time. *Hughes I*, 2017 WL 6450845, at *6 (quoting *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986)).[7]

Second, the defendants' motions to dismiss and opposition to the plaintiffs' conditional-certification motions made only procedural arguments and did not address the merits of the plaintiffs' claims. The defendants' making these procedural arguments is not inconsistent with a right to arbitration. *Id.* at *5 (citing *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016); *Conde v. Open Door Mktg., LLC*, No. 15-cv-04080-KAW, 2017 WL 5172271, at *6 (N.D. Cal. Nov. 8, 2017)).

Third, the fact that the defendants reached a settlement in court, not in arbitration, in the related *Roe* action — which occurred only after the other defendant in *Roe* tried first to compel arbitration and lost that fight — does not effect a waiver of arbitration in these cases here. *Id.* at *4

---

[7] For the reasons set out in its previous order, the court holds that the fact that the defendants filed their motion to compel arbitration only after (as opposed to before) the Ninth Circuit issued *Morris* and then withdrew it does not render their withdrawal a waiver. *Hughes I*, 2017 WL 6450845, at *6.

(citing *Lawrence v. Household Bank (SB), N.A.*, 343 F. Supp. 3d 1101, 1113 (M.D. Ala. 2003); *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1113 (C.D. Cal. 2002)).

### 2.2 Unconscionability

"The Federal Arbitration Act (FAA) requires courts to 'place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "Section 2 of the FAA makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (citing 9 U.S.C. § 2). "The final clause of § 2, generally referred to as the savings clause, permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* (some internal quotation marks omitted) (quoting *Concepcion*, 563 U.S. at 339). "'Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration.'" *Id.* (quoting *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016)).

The FAA provides that arbitration agreements are unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The court determines whether the putative arbitration agreement is enforceable under the laws of the state where the contract was formed. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1170 (9th Cir. 2003).

In California, contractual unconscionability has both a procedural and a substantive component. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). "In order to establish such a defense, the party opposing arbitration must demonstrate that the contract as a whole or a specific clause in the contract is both procedurally and substantively

unconscionable." *Poublon*, 846 F.3d at 1260 (citing *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015)). "Procedural and substantive unconscionability 'need not be present in the same degree.'" *Id.* (quoting *Sanchez*, 61 Cal. 4th at 910). "Rather, there is a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id.* (quoting *Sanchez*, 61 Cal. 4th at 910). "Under California law, 'the party opposing arbitration bears the burden of proving . . . unconscionability.'" *Id.* (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)).

### 2.2.1 Procedural unconscionability

"The procedural element of unconscionability focuses on 'oppression or surprise due to unequal bargaining power.'" *Poublon*, 846 F.3d at 1260 (quoting *Pinnacle*, 55 Cal. 4th at 246). "'The oppression that creates procedural unconscionability arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice.'" *Id.* (quoting *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347–48 (2015)). "California courts have held that oppression may be established by showing the contract was one of adhesion or by showing from the 'totality of the circumstances surrounding the negotiation and formation of the contract' that it was oppressive." *Id.* (quoting *Grand Prospect*, 232 Cal. App. 4th at 1348). The Ninth Circuit has recently clarified in the employment context that an employer's requiring an employee to sign a mandatory arbitration provision does not alone constitute oppression that renders the provision procedurally unconscionable: "[i]n the employment context, if an employee must sign a non-negotiable employment agreement as a condition of employment but 'there is no other indication of oppression or surprise,' then 'the agreement will be enforceable unless the degree of substantive unconscionability is high.'" *Id.* at 1263 (quoting *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013)).

The plaintiffs first argue that the arbitration provisions are procedurally unconscionable because the arbitration provisions were presented on a take-it-or-leave-it basis as a requirement for the plaintiffs to work at the nightclubs and the plaintiffs had no opportunity to negotiate their terms. But this argument is unpersuasive in the wake of *Poublon*, which held that presenting an

arbitration provision on a take-it-or-leave-it basis as a condition of employment does not render the provision per se procedurally unconscionable. *Cf. id.* (finding plaintiff's procedural unconscionability argument "would fail even if [plaintiff] presented evidence that signing the [arbitration a]greement were a condition of her employment").

The plaintiffs also argue that they were surprised by the arbitration provisions because the one-page cover notices that the defendants provided to the plaintiffs about the differences between employer and independent-contractor status did not include any information about arbitration. But setting the cover notices aside, the actual performer contracts — which the plaintiffs all signed — had explicit language about arbitration set out in all capital letters and/or boldface. As the plaintiffs themselves concede, "[w]ithin the contract itself, the arbitration provision is admittedly well-marked and clear."[8] In light of these disclosures, the plaintiffs have not established that they were surprised to the extent that arbitration provisions were rendered procedurally unconscionable. *Cf. Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1059 (9th Cir. 2013) (en banc) (finding arbitration clause set out "in its own section, clearly labeled, in boldface" not procedurally unconscionable) (citing *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 489–91 (1982)).

### 2.2.2 Substantive unconscionability

To be substantively unconscionable, "the agreement must be 'overly harsh,' 'unduly oppressive,' 'unreasonably favorable,' or must 'shock the conscience,'" i.e., the agreement's terms must be "unreasonably favorable to the more powerful party." *Poublon*, 846 F.3d at 1261 (citing cases).

The plaintiffs first argue that the arbitration provisions are substantively unconscionable because the provisions (1) require them to share all costs and fees associated with arbitration and (2) allow the defendants to recover costs and attorney's fees from them should they lose an action to enforce the arbitration agreement but do not allow them to recover costs and attorney's fees should they win. The plaintiffs argue that the court held in the related *Roe* litigation that arbitration

---

[8] Pls. *Hughes* Opp'n to Mot. to Compel Arbitration – No. 16-cv-03371-LB – ECF No. 93 at 26.

provisions that required dancers to pay half of all arbitration costs and fees and allowed the nightclubs to potentially recover costs and attorney's fees from the dancers were unconscionable, *Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616-LB, 2015 WL 930683, at *11 (N.D. Cal. Mar. 2, 2015) (*Roe I*), *aff'd on other grounds*, 656 F. App'x 828 (9th Cir. 2016), and the court should hold the provisions here unconscionable as well. The Ninth Circuit has held that provisions requiring employees to split arbitration fees with employers are unconscionable and therefore unenforceable under California law. *See id.* (citing cases). But there is a key distinction in these cases that was not present in *Roe*. Here, the defendants have pledged on the record to pay all costs and fees associated with arbitration and to forgo any claims for costs and fees against the plaintiffs.[9] The Ninth Circuit has indicated that an employer may take an arbitration agreement — originally unconscionable because it requires an employee to bear half the cost of arbitration — and render it non-unconscionable by agreeing to bear the full cost of arbitration. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1212 (9th Cir. 2016); *see Hughes I*, 2017 WL 6450485, at *8 (analyzing *Mohamed*). The court follows that course here and holds that, in light of the defendants' commitment to pay all arbitration costs and fees and forgo any claim against the plaintiffs for costs and fees, the arbitration provisions are not unconscionable on this ground.

The plaintiffs also argue that the arbitration provisions are substantively unconscionable because (1) some of the provisions contain a unilateral class-action waiver that bar the plaintiffs from bringing class or representative actions against the defendants but not vice versa[10] and (2) the provisions contain a putative waiver of the right to bring a representative action under the California Private Attorney General Act (PAGA). Assuming without deciding that these waivers were unconscionable, the question is whether the court should deem the entire arbitration agreement unenforceable or whether it should sever these waivers from the parties' contracts and

---

[9] Dec. 14, 2017 Hr'g.

[10] Some of the contracts at issue contain bilateral class-action waivers, not unilateral ones. Defs. *Hughes* Mot. to Compel Arbitration, Bordeau Decl. Ex. 2 (Nunez/Gold Club Apr. 16, 2016 contract) – No. 16-cv-03371-LB – ECF No. 87-2 at 19; Def. *Pera* Mot. to Compel Arbitration, Calcagni Decl. Ex. 1 (Pera/SAW Apr. 1, 2016 contract) – No. 17-cv-00138-LB – ECF No. 28-2 at 21.

enforce the remainder. The Ninth Circuit's decision in *Poublon* suggests that the latter course is appropriate. That case involved an employment arbitration agreement that, among other things, (1) forced employees to submit all claims to arbitration but preserved the employer's right to seek judicial resolution of some claims and (2) forced the employee to waive PAGA claims. *Poublon*, 846 F.3d at 1263–64. The district court held that the arbitration agreement was unconscionable and therefore unenforceable. *See id.* at 1257. The Ninth Circuit reversed, holding that the district court should have instead severed those two provisions and enforced the rest of the agreement. *Id.* at 1273–74.

*Poublon* is controlling here. The unilateral waiver here is less unconscionable than the one there, as the waiver here is only unilateral with respect to class or representative actions, as opposed to with respect to all judicial relief,[11] and the PAGA issue here is the same as the one there. The court follows *Poublon* and holds that the waivers here do not bar the enforcement of the parties' arbitration provisions.

## CONCLUSION

The court grants the defendants' motions to compel arbitration as follows.

Named plaintiffs Nicole Hughes, Angelynn Hermes, Penny Nunez, Elana Pera, and Sarah Murphy, and opt-in plaintiff Dora Marchand, must submit all claims other than PAGA claims to binding arbitration.

The court stays each plaintiff's PAGA claims (if any) while that plaintiff's arbitration is pending. *Cf. Aviles v. Quik Pick Express, LLC*, 703 F. App'x 631, 632 (9th Cir. 2017).

The plaintiffs said that they may try to amend their complaint in the *Hughes* case to add a new named plaintiff who did not sign an arbitration agreement with the defendants.[12] The court extends

---

[11] The unilateral nature of the class-action waivers here may in any event be illusory. The arbitration provisions require all parties to submit their claims to arbitration and provide that the arbitrator may not preside over any form of representative, class, or collective proceeding. Even if the defendants purportedly retained a right to bring a class action that the plaintiffs were forced to waive, it is not clear how they could exercise that right in practice.

[12] *Hughes* Joint Case Mgmt. Statement – No. 16-cv-03371-LB – ECF No. 119 at 5–6.

the plaintiffs 21 days from the date of this order to file a motion to amend their complaint in the *Hughes* case to add a new named plaintiff or plaintiffs. The defendants may oppose any such motion.

Until the threshold issue of arbitration (including any related amendments to the pleadings) is fully resolved, the court defers ruling on (1) the defendants' motions to dismiss based on the earlier *Roe* action and (2) the plaintiffs' motions for condition certification and for notice to be issued.

**IT IS SO ORDERED.**

Dated: August 29, 2018

_____
LAUREL BEELER
United States Magistrate Judge