UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NICOLE HUGHES, et al., | Case No. 16-cv-03371-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT** |
| S.A.W. ENTERTAINMENT, LTD, et al., | Re: ECF No. 122 |
| Defendants. | |

## INTRODUCTION

On August 29, 2018, the court granted the defendants' motion to compel arbitration with respect to named plaintiffs Nicole Hughes, Angelynn Hermes, and Penny Nunez, and opt-in plaintiff Dora Marchand. *Hughes v. S.A.W. Entm't, Ltd.*, No. 16-cv-03371-LB, 2018 WL 4109100 (N.D. Cal. Aug. 29, 2018).[1] The court ordered Ms. Hughes, Ms. Hermes, Ms. Nunez, and Ms. Marchand to submit all claims other than claims under the California Private Attorney General Act ("PAGA") to binding arbitration and stayed each plaintiff's PAGA claims (if any) while that plaintiff's arbitration is pending. *Id.* at *5. The court granted the plaintiffs leave to file a motion to

---

[1] Order – ECF No. 120. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

amend their complaint to add a new named plaintiff who did not sign an arbitration agreement with the plaintiffs. *Id.*

On September 19, 2018, the plaintiffs filed a motion to amend their complaint to (1) add a new named plaintiff, Diana Tejada, and (2) add a new named defendant, SFBSC Management, LLC. The defendants opposed the plaintiffs' motion to amend. The court held a hearing on November 15, 2018, and now grants the plaintiffs' motion to amend.

## ANALYSIS

Under Federal Rule of Civil Procedure 15(a), outside of a one-time "matter of course" amendment, a party may amend its pleading "only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This leave policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Considering the court's knowledge of the entire case and its invitation for the plaintiffs to move to amend their complaint, the court finds good cause and grants the plaintiffs' motion to file the amended complaint. The court considered the defendant's prejudice and futility arguments but to the extent that they exist, they can be addressed through future motions, including a motion to

compel arbitration of Ms. Tejada's claims and/or a renewed motion to stay or dismiss this case under the first-to-file rule.[2]

## CONCLUSION

The court grants the plaintiffs' motion to amend. The plaintiffs may file the proposed Third Amended Complaint attached to their motion. As discussed at the November 15 hearing, the parties must meet and confer on a schedule for any motion briefing and for any further attempts at alternative dispute resolution.

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[2] The defendants previously discussed Ms. Tejada in the context of their prior motion to compel arbitration, but then also argued that Ms. Tejada was "a 'mere passive observer' to this lawsuit as an FLSA plaintiff." Defs. Mot. to Compel Arb. Reply – ECF No. 97 at 12. The court's August 29 order did not address Ms. Tejada, who at the time was not a named plaintiff. *See Hughes*, 2018 WL 4109100. The parties should not take from the August 29 order that the court has expressed any opinion as to whether Ms. Tejada's claims are subject to arbitration.