SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE HUGHES, ANGELYNN HERMES, PENNY NUNEZ, and DIANA TEJADA individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S.A.W. ENTERTAINMENT, LTD, d/b/a LARRY FLYNT'S HUSTLER CLUB, GOLD CLUB – S.F., LLC d/b/a GOLD CLUB SAN FRANCISCO, AND SFBSC MANAGEMENT, LLC,<br><br>Defendants | Case No.: 4:16-cv-03371-LB<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br>The Honorable Laurel Beeler<br><br>Courtroom: C, 15th Floor<br>Judge:  Hon. Laurel Beeler |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Currently pending is Defendants' motion to compel arbitration of Plaintiff Diana Tejada's claims asserted in this action and Plaintiffs' motion for reconsideration of the Court's decision finding that the arbitration agreements of the other named Plaintiffs are enforceable.  See Dkt. 139, 161.  The Court has previously deferred ruling on Plaintiffs' motion for conditional certification under the FLSA.  See Dkt. 102.  Plaintiffs wish to bring to the Court's attention several recent decisions that have addressed whether issues surrounding arbitration agreements should limit or delay notice in an FLSA collective action.  See In re JPMorgan Chase & Co., 916 F.3d 494 (5th Cir. 2019) (holding that where it was stipulated that thousands of putative class members had enforceable arbitration agreements, FLSA notice should not issue to that group); Camp v. Bimbo Bakeries USA, Inc., 2019 WL 1472586 (D.N.H. Apr. 3, 2019) (declining to follow JPMorgan and issuing FLSA notice to entire collective despite fact that some potential opt-ins may have signed arbitration agreements); Bigger v. Facebook, Inc., 2019 WL 1317665 (N.D. Ill. Mar. 22, 2019) (same).

Here, unlike in JPMorgan Chase, Plaintif Tejada contends that she is not bound by an enforceable arbitration agreement – and contends that Defendants' arbitration agreement is not enforceable for any of the dancers.  The question of whether FLSA notice may be distributed to potential collective action members when there is a potential arbitration agreement at play is now of the most critical importance in the wage and hour area.  Plaintiff reiterates that the purpose of issuing notice is to apprise potential collective action members of their rights and that there is no valid basis for defendants to keep their workforce in the dark about their rights and their ability to pursue claims under the FLSA simply because they may then attempt to compel those workers to arbitrate their claims individually if they do choose to pursue their rights.

As the cases cited above demonstrate, the law on this issue continues to develop. Following the JPMorgan decision by the Fifth Circuit, the Bigger v. Facebook decision (which authorized the issuance of notice to all potential collective action members, even those who had signed an arbitration agreement) has been certified for interlocutory appeal to the Seventh Circuit, see Facebook v. Bigger, No. 19-8011 (7th Cir.).  Thus, there may very well soon be a split in the Circuits on this issue.  Plaintiffs submit that the Ninth Circuit would be unlikely to follow the Fifth

NOTICE OF SUPPLEMENTAL AUTHORITY

Circuit, which erred in JPMorgan in rejecting the proposition that the purpose of FLSA notice is to apprise workers of their rights under the law.

Here, the potential collective should receive notice of their rights here, particularly where here a Plaintiff exists who has argued that she is not bound by an arbitration clause. The Court should not shut off the opportunity for other dancers to step forward who may have their own reasons for challenging the arbitration clause, and the Court should defer addressing further arbitration issues until after notice is issued.

Were this Court to disagree with Plaintiffs on this point, Plaintiffs respectfully request that the Court certify this critical issue for interlocutory review to the Ninth Circuit, under 28 U.S.C. §1292(b)) (or, if the Court finds it necessary to do so, allow the parties to brief whether such interlocutory review would be appropriate). See Lee v. Postmates, No. 18-3421-JCS (N.D. Cal. Apr. 25, 2019) (Dkt. 56) (certifying order compelling arbitration to Ninth Circuit, pursuant to 28 U.S.C. §1292(b)).

Dated: May 3, 2019

Respectfully submitted,

NICOLE HUGHES, ANGELYNN HERMES, PENNY NUNEZ, and DIANA TEJADA individually and on behalf of all others similarly situated,

By their attorneys,

*/s/  Shannon Liss-Riordan*

Shannon Liss-Riordan (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by electronic filing on May 3, 2019 on all counsel of record.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan