United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NICOLE HUGHES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> S.A.W. ENTERTAINMENT, LTD, et al., <br><br> Defendants. | Case No. 16-cv-03371-LB <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** <br><br> Re: ECF No. 37, 177 |

## INTRODUCTION

This is a class- and collective-action wage-and-hour labor dispute brought by exotic dancers suing the companies that managed and operated the nightclubs where they worked. The plaintiffs are pursing claims under the Fair Labor Standards Act ("FLSA"), the California Labor Code, the California Unfair Competition Law, and the California Private Attorney General Act ("PAGA").

The defendants previously moved to compel the plaintiffs to submit their claims to binding arbitration. The court previously held that all of the named plaintiffs' claims are subject to arbitration other than (1) PAGA claims and (2) the claims of one named plaintiff, Diana Tejada, arising after January 31, 2017 ("Post-January-2017 Claims"). *Hughes v. S.A.W. Entm't, Ltd.*, No.

16-cv-03371-LB, 2019 WL 2060769 (N.D. Cal. May 9, 2019) (*Hughes II*).[1] The court stayed each plaintiff's PAGA claim (if any) while that respective plaintiff's arbitration is pending. *Id.* at *2, *28.

The defendants now move to stay Ms. Tejada's Post-January-2017 Claims.[2] The plaintiffs renew their motion to have the court conditionally certify the FLSA class and order issuance of an FLSA notice.[3] The plaintiffs concede that Ms. Tejada's Post-January-2017 Claims should be stayed pending resolution of the arbitration of her claims arising on or before January 31, 2017, but argue that this stay should occur only after the FLSA notice has been distributed.[4]

The court can decide the matter without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court grants the defendants' motion to stay and stays this case pending the Ninth Circuit's issuing a decision regarding the objections to the class- and collective-action settlement in the related case *Roe v. SFBSC Management, LLC*, No. 3:14-cv-03616-LB (N.D. Cal. filed Aug. 7, 2014), *appeal docketed sub nom. Murphy v. SFBSC Management, LLC*, No. 17-17079 (9th Cir. filed Oct. 16, 2017). This stay is without prejudice to any further request for a stay after the Ninth Circuit issues its decision in *Roe*.

The court equitably tolls the FLSA statute of limitations for potential opt-in plaintiffs (1) with respect to claims against S.A.W Entertainment, Ltd. and Gold Club – S.F., LLC, from the date that the court took the plaintiffs' original motion for conditional certification off calendar (December 29, 2016[5]) through to the date that the Ninth Circuit issues a decision in *Roe*, and (2) with respect to claims against SFBSC Management, LLC, from the date that the plaintiffs filed their Third

---

[1] Order – ECF No. 171. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Defs. Mot. to Stay – ECF No. 177.

[3] Pls. Mot. for Conditional Certification – ECF No. 37; Pls. Suppl. Br. in Supp. of Issuance of FLSA Notice – ECF No. 178.

[4] Pls. Suppl. Br. in Supp. of Issuance of FLSA Notice – ECF No. 178 at 8, 10; Pls. Opp'n to Defs. Mot. to Stay – ECF No. 179 at n.1.

[5] *See* Order – ECF No. 68.

ORDER – No. 16-cv-03371-LB    2

1  Amended Complaint (November 28, 2018) through to the date that the Ninth Circuit issues a

2  decision in *Roe*.

The court denies without prejudice the plaintiffs' motion for conditional certification and for issuance of an FLSA notice. The plaintiffs may renew their motion once the stay is lifted.

## ANALYSIS

### 1. The Defendants' Motion to Stay

#### 1.1 Governing Law

Where a plaintiff brings both claims that are subject to arbitration and claims that are not subject to arbitration, a defendant is not entitled as a matter of right to a stay of the latter claims while the former claims are being arbitrated. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *accord, e.g.*, *Winfrey v. Kmart Corp.*, 692 F. App'x 356, 357 (9th Cir. 2017). But a trial court has discretion to decide whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of [arbitration] proceedings which bear upon the case." *Leyva*, 593 F.3d at 863–64; *accord Winfrey*, 692 F. App'x at 357. Courts look to several factors in determining whether a stay is appropriate, including "'(1) the possible damage which may result from granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Hughes v. S.A.W. Entm't, Ltd.*, No. 16-cv-03371-LB, 2017 WL 6450485, at *3 (N.D. Cal. Dec. 18, 2017) (*Hughes I*) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Where a court in its discretion stays an FLSA case, it may equitably toll the statute of limitations for potential opt-in plaintiffs in the interest of justice. *See, e.g.*, *Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 1508853, at *4 (N.D. Cal. Apr. 27, 2017) ("The clear weight of decisions on the issue from courts in our circuit is in favor of prospectively tolling the statute of limitations for putative class members as equity demands.") (collecting cases); *Koval v. Pac. Bell Tel. Co.*, No. C 12-1627 CW, 2012 WL 3283428, at *7 (N.D. Cal. Aug. 10, 2012)

("Other courts within this district have applied equitable tolling prospectively where the court's discretionary case management decisions have led to procedural delay beyond the control of the putative collective action members.") (citing cases); *accord Hughes I*, 2017 WL 6450485, at *3, *10 (previously tolling the FLSA statute of limitations while waiting for a decision from the Supreme Court relevant to this case).

### 1.2 Application

The court in its discretion stays this case pending a decision by the Ninth Circuit in the related *Roe* appeal. *Cf. Gomez-Ortega v. Deja Vu – San Francisco, LLC*, No. 17-cv-06971-LB, 2018 WL 2096328, at *4 (N.D. Cal. May 7, 2018) (staying case appeals-court decisions in *Roe* and another related exotic-dancer case).

The parties are familiar with the *Roe* case, so the court need not long belabor its history here. *See Hughes II*, 2019 WL 2060769, at *2–5 (discussing *Roe*'s procedural history). Briefly, *Roe* is another exotic-dancer class- and collective-action wage-and-hour labor dispute. The court granted final approval of a class- and collective-action settlement there. *Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616-LB, 2017 WL 4073809 (N.D. Cal. Sept. 14, 2017). The class- and collective-action claims in that settlement largely overlap the claims here.[6] Three objectors — two of whom are named or opt-in plaintiffs in the related case *Pera v. S.A.W. Entertainment, Ltd.*, No. 3:17-cv-00138-LB, and who are represented by the same counsel as the plaintiffs here — filed an appeal objecting to that settlement. The Ninth Circuit held oral argument on November 16, 2018 and presumably will be issuing a decision shortly.

If the Ninth Circuit vacates the settlement in *Roe*, the litigation there (including litigation regarding the FLSA collective-action claims there) would resume and continue. If this case were to go forward now, and subsequently the Ninth Circuit were to vacate the *Roe* settlement and that

---

[6] The *Roe* settlement covers claims arising between August 8, 2010 and April 14, 2017, against (among others) the defendants here. *Roe* Settlement Agreement – No. 3:14-cv-03616-LB, ECF No. 126 at 19 (¶ 86), 71 (Ex. A) (defining "Released Parties" to include SFBSC Management, LLC, SAW Entertainment, Ltd., and Gold Club-SF, LLC, the three defendants in this case); *id.* at 10 (¶ 41) (defining "Class Period" to be the period from August 8, 2010 through the Preliminary Approval Date, i.e., April 14, 2017).

ORDER – No. 16-cv-03371-LB                4

case were to go forward too, the parties and the court would be litigating two largely overlapping but competing actions on different tracks and schedules and would run the risk of confusing class members about their legal options. *Cf. Brown v. Jacob Transp., LLC*, No. 2:16-cv-02436-JAD-NJK, 2017 WL 7725268, at *4 (D. Nev. Sept. 28, 2017) ("[N]o purpose would be served by allowing the FLSA claims to proceed as a collective action considering the concurrent cases and the attendant increased expense for Defendants, the risk of confusing potential collective members about their legal options, the possibility of inconsistent rulings, and the waste of judicial resources.") (quoting *Schucker v. Flower Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 WL 3668847, at *7 (S.D.N.Y. Aug. 24, 2017)).[7] By contrast, the plaintiffs have not identified any harm that they would suffer from a stay other than the running of the statute of limitations for potential opt-in plaintiffs, which the court can address by equitably tolling the statute of limitations during the stay. *Cf. Hughes I*, 2017 WL 6450485, at *3 (tolling statute of limitations). The court thus grants the defendants' motion to stay the case pending the Ninth Circuit's decision in *Roe*.

The court equitably tolls the FLSA statute of limitations for potential opt-in plaintiffs. *Cf. Hughes I*, 2017 WL 6450485, at *3, *10. With respect to S.A.W. Entertainment and Gold Club – S.F., the plaintiffs originally filed their motion for conditional certification and for issuance of an FLSA notice back in November 2016.[8] The court set the motion for a hearing, but then took the hearing off calendar on December 29, 2016 after the parties in *Roe* announced their settlement.[9] The court has effective stayed since then the plaintiffs' motion for conditional certification here in

---

[7] The court recognizes that some courts have allowed simultaneous overlapping FLSA collective actions to proceed. *See* Pls. Opp'n to Defs. Mot. to Stay – ECF No. 179 at 6 (citing cases). The court agrees with the *Brown* court that those cases hold only that the FLSA does not prohibit overlapping collective actions but do not reject the proposition that "district courts have discretion to consider whether certification is appropriate and [that courts] should do so with the goals of avoiding multiplicity of duplicative suits and expediting disposition of the actions in mind." *Brown*, 2017 WL 7725268, at *4.

[8] Pls. Mot. for Conditional Certification – ECF No. 37.

[9] Order – ECF No. 68; *see Roe* Notice of Settlement and Stipulation – No. 3:14-cv-03616-LB, ECF No. 103; Pls. Opp'n to *Roe* Stipulation – ECF No. 67.

ORDER – No. 16-cv-03371-LB         5

lieu of *Roe* for case-management purposes. The court thus equitably tolls the FLSA statute of limitations against S.A.W. Entertainment and Gold Club – S.F. from December 29, 2016 to the date the Ninth Circuit issues a decision in *Roe*. *Cf. Koval*, 2012 WL 3283428, at *7.[10] SFBSC Management, by contrast, was not a defendant in this case until it was added when the plaintiffs filed their Third Amended Complaint on November 28, 2018. The court thus equitably tolls the FLSA statute of limitations against SFBSC Management from only that date to the date the Ninth Circuit issues a decision in *Roe*.

### 2. The Plaintiffs' Motion for Conditional Certification

The defendants raise a number of arguments why the court should deny on the merits the plaintiffs' motion conditional certification or limit the scope of any FLSA notice. Among other things, the defendants argue that plaintiffs have not submitted any evidence that Ms. Tejada herself was misclassified as an independent contractor, that the FLSA applies to her, or that there was any week after January 31, 2017 (i.e., a week within the scope of her non-arbitrable Post-January-2017 Claims) where she herself was not paid minimum wage.[11] *Cf. Litvinova v. City and Cty. of San Francisco*, No. 18-cv-01494-RS, 2019 WL 1975438, at *4 (N.D. Cal. Jan. 3, 2019) ("Conditionally certifying a collective action requires at least some evidence to support the 'substantial allegations' in the complaint.") (citing *Rivera v. Saul Chevrolet, Inc.*, No. 16-CV-05966-LHK, 2017 WL 3267540, at *6 (N.D. Cal. July 31, 2017)). They also argue that Ms. Tejada worked only at the Hustler Club and cannot pursue (and affirmatively disclaimed pursuing) claims relating to any clubs other than the Hustler Club.[12]

---

[10] The court denies the plaintiffs' request to extend the toll back to when they first filed their motion for conditional certification, as opposed to when the court took their motion off calendar in lieu of the *Roe* settlement. *Cf. Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2016 WL 1569984, at *5 (N.D. Cal. Apr. 19, 2016) ("[T]olling is inappropriate merely due to the pendency of a certification motion.").

[11] Defs. Opp'n to Pl. Suppl. Br. in Supp. of Issuance of FLSA Notice – ECF No. 180 at 12–16.

[12] *Id.* at 22–24 (citing Pls. Opp'n to Defs. Mot. to Dismiss – ECF No. 142 at 6 n.1 ("Defendants also argue that the Plaintiffs cannot assert claims against the clubs at which they did not work. It was not Plaintiffs' intention to bring such claims, and they agree that the named Plaintiffs do not assert claims against the individual clubs at which they did not perform.")).

ORDER – No. 16-cv-03371-LB 6

In light of its decision to stay the case, the court need not address these arguments at this juncture. The court denies without prejudice the plaintiffs' motion for conditional certification and for issuance of an FLSA notice. The plaintiffs may renew their motion once the stay is lifted. If and when they do so, they may wish to include evidence relating to Ms. Tejada and her Post-January-2017 Claims as they find appropriate.

## CONCLUSION

The court grants the defendants' motion to stay and stays this case until the Ninth Circuit issues a decision in *Roe*, without prejudice to further stays. The court denies without prejudice the plaintiffs' motion for conditional certification and for issuance of an FLSA notice. The court equitably tolls the FLSA statute of limitations for potential opt-in plaintiffs (1) with respect to claims against S.A.W Entertainment, Ltd. and Gold Club – S.F., LLC, from December 29, 2016 to the date that the Ninth Circuit issues a decision in *Roe*, and (2) with respect to claims against SFBSC Management, LLC, from November 28, 2018 to the date that the Ninth Circuit issues a decision in *Roe*.

**IT IS SO ORDERED.**

Dated: August 23, 2019

LAUREL BEELER
United States Magistrate Judge